**A. D. WILLIAMS, Joyce Williams, D. F. Knox & Associates, Inc. and Gwen Goodwin, Plaintiffs,**

v.

**Neal L. MILLER and Francis K. Miller, Defendants.**

No. 77 C 4327.

United States District Court, N. D. Illinois, E. D.

May 5, 1978.

Steven Ackerman and F. Willis Caruso, Chicago, Ill., for plaintiffs.

Cary S. Fleischer, Chicago, Ill., for defendants.

DECISION

McMILLEN, District Judge.

Defendants have filed a motion to dismiss the complaint filed by two of the plaintiffs in this case, D. F. Knox & Associates, Inc., a realtor which had a contract for the sale of the defendants' house, and Gwen Goodwin, the realtor's agent. The other plaintiffs are a black couple who attempted to purchase the house, and all four plaintiffs have sued under the Fair Housing Act of 1968, 42 U.S.C. § 3601 et seq. Defendants contend that a realtor has no standing to sue under the foregoing statute. We disagree.

The real estate firm alleges that it was deprived of a commission because of defendants' alleged discriminatory refusal to sell to the two individual plaintiffs. The individual plaintiffs allege that they ultimately offered the full purchase price of the house, $87,500, and that defendants later sold the house to a white family for $77,500. Thus, the realtor has a financial stake in the litigation and is asserting its own legal rights within the requirements of *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

A similar decision has recently been reached by the Seventh Circuit under 42 U.S.C. § 3612 in *Village of Bellwood v. Gladstone Realtors*, 569 F.2d 1013, (No. 76–2193, Jan. 25, 1978). This case allows not

only the Village of Bellwood but also racial "testers" to sue realtors who engaged in allegedly discriminatory practices under the Fair Housing Act. Although the plaintiff realtor's claim in the case at bar is an unusual one under that statute, and also probably constitutes an actionable breach of contract in the State court, we see no reason why a statutory cause of action does not lie under the Fair Housing Act in the Federal court, so long as double recovery is not permitted.

The plaintiff Gwen Goodwin does not allege any discriminatory act against her as agent of the realtor corporation, however. She does not allege any personal participation in the transaction. Therefore, her complaint should be dismissed for failure to state a claim upon which relief can be granted, unless and until she can allege such a claim.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the defendants to dismiss the complaint of the plaintiff Gwen Goodwin is granted and defendants' motion as to D. F. Knox & Associates, Inc. is denied. Defendants are ordered to file an answer to the complaint within two weeks (14 days) hereof, and this case will be called for a report on status on Monday, June 5, 1978 at 11:30 a.m.